**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
JUANITA PAULINA CHAVEZ, *individually*
*and on behalf of others similarly situated,*

                                        **CASE NO.: 1:22-cv-07781-ER**

            *Plaintiff*,

vs.

THE FIFTH LABOR, LLC, *a New York limited*
*liability company,* and ANTHONY RHODES,
*an individual,*

            *Defendants.*
--------------------------------------------------------x

---

**MEMORANDUM OF LAW OF PLAINTIFF IN SUPPORT OF PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY A FAIR LABOR STANDARDS ACT COLLECTIVE ACTION AND AUTHORIZE NOTICE TO BE ISSUED TO ALL PERSONS SIMILARLY SITUATED**

---

Respectfully Submitted,

**Law Offices of Nolan Klein, P.A.**
*Attorneys for Plaintiff*
5550 Glades Road, Suite 500
Boca Raton, FL 33431
PH: (954) 745-0588

By:   */s/ Nolan Klein*        
       NOLAN KLEIN, ESQ.
       (NK 4223)
       klein@nklegal.com
       amy@nklgal.com

## PRELIMINARY STATEMENT

This is a wage-and-hour case brought under the Fair Labor Standards Act ("FLSA") as a putative collective action.  Juanita Paulina Chavez, the named Plaintiff in this matter, makes collective action allegations relating to employees "similarly situated" to herself.  Specifically, she alleges that Defendants consistently failed to pay Plaintiff and the collective action members overtime premium wages for hours worked over 40 in a workweek, as required by the FLSA.

The FLSA entitles workers such as Plaintiff to sue collectively on behalf of herself and others "similarly situated" for unpaid minimum wage and overtime wages. 29 U.S.C. § 216(b). Plaintiff therefore now brings this motion pursuant to 29 U.S.C. § 216(b) to conditionally certify this matter as a collective action and facilitate notice to similarly situated current and former janitorial employees employed by The Fifth Labor LLC, from September 12, 2019, through and including the date on which this action was filed.  Unlike a class action under Rule 23 of the Fed. R. Civ. P., in which individuals are members of a class until they affirmatively "opt-out," each member of an FLSA collective action must "opt-in" by filing a written consent to become a party and the statute of limitations is not tolled until each individual has filed a Consent to Sue form. 29 U.S.C. § 216(b); 29 U.S.C. § 256(b). Accordingly, notifying the potential Collective Action Members of this litigation, so that they can choose whether to opt-in, is important to protect their labor law rights.

Through this motion, Plaintiff seeks authorization to proceed with this case as a collective action under Section 216(b) of the FLSA on behalf of current and former employees employed by Defendants, as set forth more fully below. Plaintiff does not know the exact number of similar employees who may be implicated over the applicable three-year period governed by the FLSA, but she has already identified several others who were victims of the same conduct and is aware

of others who worked with her during her course of employment.  Based on Plaintiff's personal observations and conversations with co-workers, she knows that there are numerous other individuals who worked for Defendants, and who were treated similarly, including failure to pay an overtime premium, during the Collective Action Period.

Plaintiff also requests that the Court order notice to be sent to all potential Collective Action Members who are similarly situated to Plaintiff so as to provide them with the opportunity to "opt-in," pursuant to *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989).  *Hoffmann-La Roche* did not create any new procedures for adjudicating substantive rights; rather, it endorsed a *procedural mechanism* for identifying similarly situated potential members. The Supreme Court established this procedure to further judicial efficiency – by allowing the court to establish a fixed "cut-off" date by which no new individual plaintiffs can join the existing action. *Id.* at 172. Accordingly, Plaintiff respectfully requests that the Court grant this motion to assist in vindicating Plaintiff's and the potential Collective Actions Members' FLSA rights and to promote judicial efficiency. The evidence submitted by the Plaintiff herein demonstrates that the potential Collective Action Members are similarly situated in all material respects.

Here, there is sufficient evidence that the potential Collective Action Members are similarly situated in all material aspects. Plaintiff's declaration along with the pleadings on record are sufficient to support an order by this Court: (i) allowing this to proceed as a collective action; (ii) permitting Plaintiffs to provide notice to other potential Collective Action Members; (iii) directing Defendant to post notices in its workplaces; and (iv) directing Defendant to produce to Plaintiffs the last known addresses and email addresses for all of its current and former cleaning personnel and other similar non-exempt employees. *See Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 442-45 (N.D. Ill. 1982) (allegations in complaint sufficient).

3

Accordingly, Plaintiffs hereby respectfully submit this Memorandum of Law in Support of their Motion to Conditionally Certify a FLSA Collective Action and Authorize Notice to be Issued to the potential Collective Action Members.

**STATEMENT OF FACTS**

At all relevant times, Defendants operated a cleaning company located in Manhattan. Affidavit of Juanita Paulina Chavez, attached hereto as Exhibit "A," ¶5.  Plaintiff was employed to perform janitorial services, including cleaning residential units as well as office units from November 2020 through August 15, 2022. Exhibit "A," ¶5.  Defendants employed many other individuals to work perform janitorial services. Exhibit "A," ¶6.  Plaintiff worked between six (6) and seven (7) days a week. Exhibit "A," ¶8.  Plaintiff began her day between 8:30 a.m. to approximately 11:00 a.m. and her day usually ended by midnight Exhibit "A," ¶8.

Although Defendants paid Plaintiff for her time, she was only paid straight time, with no overtime premium for spread of hours pay. Exhibit "A," ¶8.  The circumstances surrounding Plaintiff's employment were not unique; rather, there were many other employees who were working in the same job position as Plaintiff who were also not receiving any overtime premium for hours over 40 in each workweek. *Exhibit "A," ¶11*. These FLSA violations were therefore commonplace within the Defendant company. Exhibit "A," ¶11.

I.    **PLAINTIFF HAS STATED A CAUSE OF ACTION FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

When non-exempt employees work more than forty hours in a workweek, employers are required to pay an overtime premium – equal to "time and a half" – for all such excess hours worked. 29 U.S.C. § 207.  In this instant case, Plaintiff has alleged (and supported with her sworn declaration) that she always worked more than forty hours in a workweek, and was paid at an

hourly rate, but did not receive an overtime premium for any hours worked in excess of forty. Instead, Plaintiff contends, she was paid "straight time" for such hours.

## II.    THE FAIR LABOR STANDARDS ACT AUTHORIZES COLLECTIVE ACTIONS

### A.    THE DISTRICT COURT IS AUTHORIZED TO ISSUE NOTICE TO POTENTIAL OPT-INS

The FLSA's "collective action" provision allows one or more employees to bring an action for overtime compensation on "behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003). As a leading treatise on this issue explains:

> In FLSA actions, persons who are similarly situated to the plaintiff must raise a similar legal issue as to coverage, exemption, or nonpayment of minimum wages or overtime arising from at least a manageable similar factual setting with respect to their job requirements and pay provisions, *but their situations need not be identical*. Differences as to time actually worked, wages actually due, and hours involved are, of course, not significant to this determination.

BNA, *Fair Labor Standards Act, §18.IV.D.3*, at 1166-67 (footnotes omitted, emphasis added). "The evident purpose of the Act [FLSA] is to provide one lawsuit in which the claims of different employees, different in amount but all arising out of the same character of employment, can be presented and adjudicated, regardless of the fact that they are separate and independent of each other." *Shain v. Armour & Co.*, 40 F. Supp. 488, 490 (W.D. Ky. 1941). Such actions, considered collective actions, benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact." *Hoffmann-La Roche*, 493 U.S. at 170 (judicial efficiency demands consolidation of individual overtime claims in a collective action).

To address the problem of FLSA rights made stale through lack of knowledge, the Supreme Court has held that courts in actions under the FLSA may facilitate the issuance of a notice informing potential opt-in plaintiffs of the pending collective Action. *Id.* Court approval and

5

facilitation of notice serve the goals of "avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." *Id*. at 172.  In *Pirrone v. North Hotel Associates*, 108 F.R.D. 78, 82 (E.D. Pa. 1985), for example, the court held that notice to all similarly situated employees was appropriate "in light of the broad remedial purpose of the FLSA, the explicit provisions in the Act for representative actions, the practical realities of management of class actions, and the courts' interesting in avoiding multiplicity of lawsuits."  In so holding, the court recognized that "the FLSA was enacted to protect employees . . . The class action procedure, however, would have little or no significance if notice was not permitted in some form." *Id.* at 82.

Courts typically employ a two-step process in certifying a collective action. *See, e.g., Lynch v. United Services Auto Association*, 491 F. Supp. 2d 357, 367-68 (S.D.N.Y. 2007); *Iglesias-Mendoza v. La Belle Farms, Inc.*, 239 F.R.D. 363, 367 (S.D.N.Y. 2007).  In the first step, under a lenient evidentiary standard, courts look to the pleadings and affidavit(s) to determine whether the potential class members are "similarly situated." *Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 267 (E.D.N.Y. 2005).  If a court finds that the prospective plaintiffs are "similarly situated," then the court conditionally certifies the class and permits notice to be sent to the proposed plaintiffs. *Id.*; *see also Guzman v. VLM, Inc.*, 2007 U.S. Dist. LEXIS 75817 (E.D.N.Y. Oct. 11, 2007).  In the second-step, the plaintiffs may move to formally certify the collective action, and the defendants may move to decertify the collective action, if discovery reveals that the plaintiffs are not similarly situated. *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 2d 249, 262 (S.D.N.Y. 1997).

**B.    PLAINTIFF NEED ONLY ESTABLISH A "MODEST FACTUAL SHOWING" THAT SIMILARLY SITUATED EMPLOYEES EXIST**

The standard for collective action notice is a "lenient" one and "not a stringent one." *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995); *Sbarro*, 982 F. Supp. at

261.  This requirement is satisfied if the named plaintiff demonstrates the existence of a "factual

nexus between the [named plaintiff's] situation and the situation of the other current and former

[employees]." *Id.* at 262.  Specifically, the named plaintiff need only make a "modest factual

showing sufficient to demonstrate that they [the named plaintiff] and potential plaintiffs together

were victims of a common policy or plan that violated the law." *Id.* at 261; *see also Gjurovich*,

282 F. Supp. 2d at 104; *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998)

(plaintiff's burden to obtain notice under § 216(b) "is not a stringent one").  The named plaintiff

is not required to prove that potential plaintiffs shared identical positions or performed identical

work. *Schwed v. General Electric Co.*, 159 F.R.D. 373, 375 (N.D.N.Y. 1995); *Krueger v. N.Y. Tel.*

*Co.*, 93 Civ. 0178 (LMM), 93 Civ. 0179 (LMM), 1993 U.S. Dist. LEXIS 9988 (S.D.N.Y. July 20,

1993)(plaintiff need only provide "some factual basis from which the court can determine if

similarly situated plaintiffs exist"); *Heagney v. European Am. Bank*, 122 F.R.D. 125, 127

(E.D.N.Y. 1988) (plaintiff need only demonstrate "some identifiable factual nexus which binds

the named plaintiffs and potential class members together as victims of a particular" unlawful

practice) (quoting *Palmer v. Readers Digest Ass'n, 42 Fair Empl. Prac*. Cas. (BNA) 212, 213

(S.D.N.Y. 1986)).   Indeed, the Court may determine that plaintiff and other employees are

similarly situated based only on the allegations of the complaint. *See Allen v. Marshall Field &*

*Co.*, 93 F.R.D. 438, 442-45 (N.D. Ill. 1982) (allegations in complaint sufficient).  **Courts in this**

**Circuit routinely grant conditional collective certification based solely on the personal**

**observations of one plaintiff's affidavit.** *Hernandez v. NGM Mgmt. Grp. LLC*, 2013 U.S. Dist.

LEXIS 134922 at 6-7 (S.D.N.Y. Sept. 20, 2013) (collecting cases); *Khamsiri v. George & Frank's*

*Japanese Noodle Rest. Inc.*, 2012 U.S. Dist. LEXIS 76660, at *2, (S.D.N.Y. June 1, 2012)

(granting certification based on a single affidavit of an employee based on personal observations of herself and other employees).

The standard under a collective action is "considerably less stringent" than the proof required pursuant to Fed. R. Civ. P. 20(a) for joinder or under Fed. R. Civ. P. 23 for class certification. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996) (citation omitted); *Ayers v. SGS Control Servs.*, No. 03 Civ. 9078, 2007 U.S. Dist. LEXIS 19634 (S.D.N.Y. Feb. 26, 2007). Rule 23 requires the proponent of the class action to demonstrate the existence of several factual circumstances, including numerosity of the proposed class, common questions of law or fact, typicality of claims or defenses, and adequate and fair protection of the interests of the class by the representative parties. Fed. R. Civ. P. 23. These circumstances are simply not applicable to collective actions under the FLSA, which requires the named plaintiff to show only that potential plaintiffs likely exist.

As discussed below, the allegations in the Complaint and the declarations by Plaintiff submitted herewith clearly and sufficiently make the requisite showing in this case.

### C.    PLAINTIFF HAS MADE THE REQUISITE MINIMAL SHOWING THAT SIMILARLY SITUATED EMPLOYEES EXIST

In the instant case, Plaintiff has presented her sworn declaration, describing firsthand knowledge of Defendants' employment practices.  Plaintiff testified that she always worked in excess of 40 hours per week, and was never paid any overtime premium. She also testified that Defendants employ many others in the same position that she held, names some of those other employees, and testifies that other employees working the same position also worked in excess of 40 hours per week, and were also not paid any overtime premium. Each of those other employees is a potential Collective Action Member who is similarly situated within the meaning of 29 U.S.C. § 216 (b).  At this stage of the case, while discovery is ongoing, this is more than sufficient to meet

Plaintiff's minimal initial burden of showing the existence of similarly situated employees, who were victims of a common practice and policy, and a factual nexus between their respective situations and her own.

More specifically, Plaintiff and potential Collective Action Members all held identical job positions, where they had substantially similar duties and responsibilities. *Chowdhury v. Duane Reade, Inc.*, No. 06 Civ. 2295, 2007 U.S. Dist. LEXIS 73853, at *12-*13 (S.D.N.Y. Oct. 2, 2007) (Court held that collective action members were similarly situated as all assistant store managers had similar job descriptions and responsibilities). Plaintiffs and potential Collective Action Members were all janitors subject to the same policy that required them to work well over forty hours per week, and not to be paid any overtime premium. Plaintiff's declaration establishes that she worked as a janitor and was required to work more than forty (40) hours per week and was not paid time and one-half for her hours worked over forty (40) in a week. The declaration establishes that Defendants' other employees were also required to work over 40 hours per week and that they were also not paid time and one-half for hours worked in excess of 40 each week.

The scope of the class is appropriately described as janitors who worked for defendants within three years of when the complaint was filed. Under the FLSA, the statute of limitations is three years for willful violations and two years for non-willful violations. 29 U.S.C. § 255(a). When willfulness is disputed, courts typically apply the three-year limitations period in defining the scope of a collective action. *See, e.g., Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013). And although the statute of limitations runs for each individual employee from the day that employee opts in (rather than relating back to the complaint as in a class action), courts in this circuit routinely hold that notice should be sent to all otherwise-eligible individuals who worked for defendants in the three years from filing of the complaint, with issues relating to

individual timeliness left for a phase-two certification/decertification motion. *See, e.g., Rosario v. Valentine Avenue Discount Store*, Co., 828 F. Supp. 2d 508, 519 (E.D.N.Y. 2011), *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F.Supp. 2d 445,451 (S.D.N.Y. 2011), *Tello v. A.N.G. Diner Corp.*, 2018 WL 840045 at*10 (E.D.N.Y. 2018).

## III.    THE PROPOSED COLLECTIVE ACTION NOTICE SHOULD BE AUTHORIZED AS FAIR AND ACCURATE

A collective action depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann-La Roche*, 493 U.S. at 170.  It is well established that district courts have the power to send such a notice to potential plaintiffs. *See Braunstein v. Eastern Photographic Laboratories, Inc.*, 600 F.2d 335, 335-36 (2d Cir. 1979); *Sbarro*, 982 F. Supp. at 261 (citing *Hoffmann-La Roche*); *Gjurovich*, 282 F. Supp. 2d at 104; *Trinidad v. Breakaway Courier Sys.*, 2007 U.S. Dist. LEXIS 2914 (S.D.N.Y. Jan. 12, 2007).  A notice that has been approved by the Court can prevent "misleading communications." *Hoffmann-La Roche*, 493 U.S. at 172; *Garner v. G.D. Searle Pharms. Co.*, 802 F. Supp. 418, 422 (M.D. Ala. 1991).

Plaintiff's proposal for court-approved notice to the potential opt-ins is "timely, accurate, and informative." *Hoffmann-La Roche*, 493 U.S. at 172.  It provides notice of the pendency of the action and of the opportunity to opt-in.  Plaintiff's legal claims are accurately described.  Potential opt-ins are advised that the Court has not ruled on the merits of the claims, that Defendants will defend against the claims, and that potential Collective Action Members are not required to participate, but if they participate, they may be required to participate in discovery.  The notice provides clear instructions on how to opt-in, that they have the right to choose their own counsel if they wish, and accurately states the prohibition against retaliation of discrimination for participation in an FLSA action. *See* 29 U.S.C. § 215(a)(3).

Plaintiff proposes that the notice be mailed by first class mail to potential Collective Action Members, by email, and that the notice be posted at Defendants' place of business.  First, as an efficient way to reach all Collective Action Members currently employed by Defendant, the Court should order Defendant to post a notice, along with consent forms, in each workplace where potential Collective Action Members are employed. Second, Plaintiff proposes that notice and consent forms be mailed by first class mail to potential Collective Action Members.  Those members interested in participating would be required to submit their consents to counsel so that they can be filed with the Court within sixty (60) days of the mailing.  This is consistent with established practice under the FLSA. *Hoffmann-La Roche*, 493 U.S. at 172; *Garner*, 802 F. Supp. at 422 (cut-off date expedites resolution of action); *Gjurovich*, 282 F. Supp. 2d at 106-09 (Court provides an exhaustive list of specific notice requirements).  This notice comports to all these specific requirements, is fair and accurate and should be approved for distribution.

IV.   **THE COURT SHOULD ORDER DEFENDANTS TO PROVIDE NAMES AND CONTACT INFORMATION FOR POTENTIAL COLLECTIVE ACTION MEMBERS**

 Because only Defendants know the names and addresses of potential collective actions members, production of a mailing list for potential opt-ins is a routine component of notice in collective actions. *Hoffmann-La Roche*, 493 U.S. at 170 ("District Court was correct to permit discovery of names and address . . ."); *Sbarro*, 982 F. Supp. at 262 ("courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management."); *Cook v. United States*, 109 F.R.D. 81, 83 (E.D.N.Y. 1985) ("[c]ertainly, it is 'unlikely that Congress, having created a procedure for representative action, would have wanted to prevent the class representative from notifying other members of the class that they had a champion'"). Another compelling reason to expedite this

limited discovery is that the statute of limitations for claims brought under the Fair Labor Standards Act may not be tolled for a particular plaintiff until he or she files with this Court a "Consent to Join" form. 29 U.S.C. § 216(b); *Sbarro*, 982 F. Supp. at 262.

With respect to this limited discovery in this action, Plaintiff is not requesting unusual or extraordinary relief, but are requesting relief clearly within the discretion of this Court. Plaintiff respectfully requests that this Court order Defendants to provide this information in both paper and digital format to expedite the distribution of the notices.

Moreover, because there is a serious risk that employees may not receive actual notice of the suit via mail or email Plaintiff also proposes that the notice be posted at Defendants' place of business. This is a common practice in this circuit. *See, e.g. Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y.) ("Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail.").

## <u>CONCLUSION</u>

The goal of judicial efficiency weighs heavily in favor of issuance of *Hoffmann-La Roche* notice to potential Collective Action Members. Notice will permit "efficient resolution in one proceeding" of a discrete range of facts and legal issues applicable to current and former janitorial employees of Defendants. *See Hoffmann-La Roche*, 493 U.S. at 170. Absent notification, numerous individuals will – if they find out about their rights at all – be left to litigate, in separate actions, the dispute presented here over the lawfulness of failing to pay the Collective Action Members overtime for all hours worked. *See id.* at 172 (notice prevents "multiplicity of duplicative suits" and can "expedite disposition of the action"). For these and all other reasons discussed above, this Court should grant this motion and issue an Order: (1) authorizing this matter to

proceed as a collective action; (2) authorizing mailing and emailing of the proposed notice to all

potential Collective Action Members; (3) authorizing posting at Defendants' place of business;

and (4) requiring Defendants to produce a list containing the names and last-known addresses (and

email address/telephone numbers) so that notice may be implemented.

Respectfully Submitted,

**Law Offices of Nolan Klein, P.A.**
*Attorneys for Plaintiff*
5550 Glades Road, Suite 500
Boca Raton, FL 33431
PH: (954) 745-0588

By:   _/s/ Nolan Klein_____
     NOLAN KLEIN, ESQ.
     (NK 4223)
     klein@nklegal.com
     amy@nklgal.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a copy of the foregoing instrument was e-filed with the Clerk

of the Court using CM/ECF, this **28th** day of **February**, 2023.

By:   _/s/ Nolan Klein_____
     NOLAN KLEIN, ESQ.
     (NK 4223)

## <u>SERVICE LIST</u>:

**JOSEPH W. CARBONARO, ESQ.**
CARBONARO LAW, PC
757 Third Avenue, 20th Floor
New York, NY 10017
TEL:   (212) 888-5200
FAX:   (212)898-0394
joe@jcarbonarolaw.com
*Attorneys for Defendants*