UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUANITA PAULINA CHAVEZ,
*individually and on behalf of others similarly situated*,

                Plaintiff,

– against –

THE FIFTH LABOR, LLC, and
ANTHONY RHODES,

                Defendants.

<u>**OPINION & ORDER**</u>

22 Civ. 7781 (ER)

Ramos, D.J.:

      Juanita Paulina Chavez brought this action on September 12, 2022, alleging, *inter alia*, that The Fifth Labor, LLC and Anthony Rhodes, her former employers, had failed to pay her overtime wages in violation of the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL"). Doc. 1. Before the Court is the parties' motion for settlement approval as to Chavez's individual claims. Doc. 18. For the reasons set forth below, the motion is DENIED.

I.    **LEGAL STANDARD**

      In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor ("DOL"). *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted). In determining whether the proposed settlement is fair and reasonable, "a court should consider the totality of circumstances, including, but not limited to, the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the

seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id*. (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

Courts may reject a proposed FLSA settlement if the parties do not provide the basis for the recovery figure, if they fail to include documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

## II.  DISCUSSION

The proposed settlement agreement provides a total recovery of $25,000, inclusive of Chavez's legal fees.[1] Doc. 18-1 at 2; *see also* Doc. 18 at 2. After deducting attorneys' fees— which amount to one third of the settlement award, *i.e.*, $8,330—Chavez will receive $16,670. Doc. 18 at 2. In consideration for the settlement award, the proposed agreement provides that Chavez will relinquish

> any claims and rights . . . in any way connected with [her] alleged employment . . . by [d]efendants including . . . those alleged in the [c]omplaint in this case, any and all wage and hour claims arising under the [FLSA], the [NYLL], the Wage Theft Prevention Act, and the Spread of Hours Wage Order. . . .

Doc. 18-1 at 3.

The Court lacks certain information necessary to determine whether the proposed settlement amount is fair and reasonable. *Cheeks*, 796 F.3d at 201. Specifically, the following issues remain.

First, the parties have failed to provide the Court with an estimate of the number of hours that Chavez worked or her wage. The Court therefore has no sense of how the parties' counsel arrived at the settlement amount. *See Mamani v. Licetti,* No. 13 Civ. 7002 (KMW), 2014 WL 2971050, at *2 (S.D.N.Y. July 2, 2014) (rejecting a proposed settlement agreement in part

---

[1] Chavez's counsel has agreed to waive costs. Doc. 18 at 2.

2

because the parties failed to provide an estimate of the number of hours that the plaintiff had worked or his wage). Nor have the parties filed any declarations, affidavits, or exhibits to explain the settlement amount. *See Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 177 (S.D.N.Y. 2015) (requiring the parties to "explain the calculations and factual bases underlying the[] recovery amount[]" and holding that "in the absence of such . . . information, the [c]ourt [could not] discharge its duty to ensure that the proposed settlement [was] fair and reasonable").

Second, the parties have failed to provide the Court with an estimate of Chavez's total recovery amount were she to prevail on *all* of her claims against defendants. *See Khan v. Young Adult Inst., Inc.*, No. 18 Civ. 2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (noting that courts evaluate reasonableness by comparing the proposed settlement amount to the plaintiff's maximum recovery amount). The proposed settlement agreement states merely that, "*[i]n terms of her FLSA claim*[], [Chavez's] contention was that she was owed $20,925 in unpaid overtime . . . ." Doc. 18 at 2 (emphasis added). The agreement does not include a total recovery estimation inclusive of Chavez's other claims. *See, e.g.*, Doc. 1 ¶¶ 43–48 (alleging violations of §§ 195(1), (3) of the NYLL for failing to satisfy notice and wage statement requirements). Relatedly, the parties have not filed any materials to explain Chavez's recovery estimate.

Lastly, the parties have failed to provide the Court with billing records to substantiate the proposed $8,330 in attorneys' fees. *See Lopez*, 96 F. Supp. 3d at 177 (finding that "a proper fee request" requires submitting "billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done") (citation omitted); *see also Mobley v. Five Gems Management Corp.*, 17 Civ. 9448 (KPF), 2018 WL 1684343, at *4 (S.D.N.Y. Apr. 6, 2018) (noting that "[ev]en where attorney's fees are calculated with the percentage method, courts must still independently ascertain the reasonableness of the requested fees," which typically involves "compar[ing] the fees generated by the percentage method with those generated by the lodestar method") (citing *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000)).

In light of the outstanding issues specified above, the Court is unable to determine whether the proposed settlement agreement is fair and reasonable.

### III.   CONCLUSION

For the foregoing reasons, the request for settlement approval is DENIED without prejudice. *See Lopez*, 96 F. Supp. 3d at 176–82. The parties are instructed to do one of the following by April 18, 2023:

- Submit a revised motion for settlement approval to the Court. The revised motion and supporting documents shall provide: an estimate of the hours worked by Chavez; her hourly wage; clear and explicit indications regarding her estimated total recovery and the component parts of that estimate; billing documentation substantiating the requested attorneys' fees.

- Stipulate to dismissal of the case without prejudice, which the Court need not approve under current Second Circuit case law. *See Cheeks*, 796 F.3d at 201 n.2.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 18.

It is SO ORDERED.

Dated:   April 11, 2023
         New York, New York

                                        EDGARDO RAMOS, U.S.D.J