UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUANITA PAULINA CHAVEZ,
*individually and on behalf of others similarly situated*,

            Plaintiff,

– against –

THE FIFTH LABOR, LLC, *and* ANTHONY RHODES,

            Defendants.

**OPINION & ORDER**

22-cv-7781 (ER)

RAMOS, D.J.:

    Juanita Paulina Chavez brought this action on September 12, 2022, alleging, *inter alia*, that The Fifth Labor, LLC and Anthony Rhodes, her former employers, had failed to pay her overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Doc. 1. On March 29, 2023, the parties submitted their first application for settlement approval. Doc. 18. On April 11, 2023, the Court declined to approve that application without prejudice because the parties had failed to provide the Court with an estimate of the hours worked by Chavez; her hourly wage; clear and explicit indications regarding her estimated total recovery and the component parts of that estimate; and billing records substantiating the requested attorneys' fees. Doc. 19. Before the Court is the parties' revised motion for settlement approval. Doc. 21. For the reasons set forth below, the motion is GRANTED.

I.    DISCUSSION

    **A. Range of Recovery**

    The proposed settlement agreement provides a total recovery of $25,000, inclusive of Chavez's legal fees.[1] Doc. 21-1 at 2; *see also* Doc. 21 at 2. After deducting attorneys' fees—which amount to one third of the settlement award, *i.e.*, $8,330—Chavez will receive $16,670.

---

[1] Chavez's counsel has agreed to waive costs. Doc. 21 at 2.

Doc. 21 at 2.  In consideration for the settlement award, the proposed agreement provides that Chavez will relinquish

> any claims and rights . . . in any way connected with [her] alleged employment . . . by [d]efendants including . . . those alleged in the [c]omplaint in this case, any and all wage and hour claims arising under the [FLSA], the [NYLL], the Wage Theft Prevention Act, and the Spread of Hours Wage Order. . . .

Doc. 21-1 at 3.

Chavez estimates that her maximum recovery on all of her claims would be $38,635. Doc. 21 at 2.  She specifically estimates that she is entitled to recover a total of $21,660 in unpaid overtime, $10,000 in statutory penalties under the Wage Theft Prevention Act, and $6,975 on her NYLL claims.  *Id*.  Thus, the settlement does not constitute full payment of all of Chavez's claims.  Rather, it represents approximately 43% of her total possible recovery of all claims.

In the instant case, the proposed amount is fair and reasonable.  *See Khan v. Young Adult Inst., Inc.*, No. 18-cv-2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (collecting cases of reasonable FLSA settlements ranging from 25% to 40% of plaintiff's maximum recovery).  There is value to Chavez receiving a settlement without experiencing the risks and delays inherent in litigation.

"Furthermore, the adversarial nature of a litigated FLSA case is typically an adequate indicator of the fairness of the settlement, and '[i]f the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.'"  *Palma Flores v. M Culinary Concepts, Inc.*, No. 19-cv-1229 (ER), 2019 WL 6683827, at *2 (S.D.N.Y. Dec. 6, 2019) (citation omitted).  Considering the aforementioned uncertainties and the risks of litigation, the settlement resolves *bona fide* disputes and reflects a reasonable compromise that fairly compensates Chavez.  *See Garcia v. Good for Life by 81, Inc.*, No. 17-cv-7228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that settlement amount was a "reasonable compromise of disputed issues") (citation omitted).  Finally, this settlement resulted from arm's length negotiations wherein the parties were represented by experienced labor and employment

attorneys. *See* Doc. 21 at 2. Accordingly, the Court finds that the proposed settlement amount is fair and reasonable.

### B. Attorneys' Fees

The Court further concludes that the proposed attorneys' fees and costs are reasonable. Chavez's counsel will receive $8,330 in attorneys' fees and costs, which is approximately one third of the settlement. *Id.* at 2. This is a reasonable percentage, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17-cv-3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted). Nonetheless, "courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id*. "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11-cv-3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

Chavez's counsel has submitted the billing records for two attorneys and one paralegal in this case: (1) Nolan Klein, an attorney and named partner who billed at a rate of $450 per hour; (2) Laura Adame, an attorney who billed at a rate of $325 per hour; and (3) Melanie Delgado, who has a Mexican law degree and worked as a paralegal on this case, billing at a rate of $175 per hour. Doc. 21 at 4–5.

As to Klein, the Court finds that the hourly rate of $500 is reasonable. *See, e.g., Bin Gao v. Jian Song Shi*, No. 18-cv- 2708 (ARR), 2021 WL 1949275, at *17 (E.D.N.Y. Apr. 30, 2021) (noting that several 2021 decisions pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), approved hourly rates of $300 to $450 for partners); *Rodriguez v. 3551 Realty Co.*, No. 17-cv-6553 (WHP), 2017 WL 5054728, at *3 (S.D.N.Y. Nov. 2, 2017) (stating that although an hourly rate of $450 for partners and $350 for associates is "somewhat higher than the presumptively reasonable rates in this District [in 2017], [it is] not beyond the pale"). Klein's hourly rate is commensurate with other similarly experienced partners in the field.

As to Adame, the Court finds that the hourly rate of $325 is reasonable. *See, e.g., Lopez v. Emerald Staffing, Inc.*, No. 18-cv-2788 (SLC), 2020 WL 915821, at *13 (S.D.N.Y. Feb. 26, 2020) (noting that, as of 2020, courts in this District generally awarded between $300 to $400 per hour); *Rodriguez*, 2017 WL 5054728, at *3. Adame's hourly rate is thus commensurate with other similarly experienced attorneys in the field.

As to Delgado, the Court notes that "[h]ourly rates for paralegals of $100 to $150 per hour are typical for awards in this [d]istrict." *Diaz-Caballero v. Midtown Catch Corp.*, No. 18-cv-4672 (AT), 2020 WL 8880944, at *2 (S.D.N.Y. Apr. 15, 2020) (alterations in original) (citation omitted); *see also Quic v. Uncle Mario's Brick Over Pizza LLC*, No. 20-cv-8712 (RA), 2021 WL 4710794, at *2 (S.D.N.Y. Oct. 7, 2021) (approving proposed hourly rate of $125). Delgado's hourly rate of $175 is higher than typical for a paralegal, and the Court therefore finds an hourly rate of $150 the appropriate reasonable rate for calculation of the lodestar.

The records submitted by Plaintiffs' counsel show that Klein spent 12.7 hours on the case at the $500 hourly rate, resulting in a lodestar of $6,350; Adame spent 7 hours on the case at the $325 hourly rate, resulting in a lodestar of $2,275; and Delgado spent 2.25 hours on the case at the hourly rate of $150, resulting in a lodestar of $337.50. Doc. 21-3. Therefore, Chavez's total lodestar in this case thus is $8,962.50. Doc. 21-3.

Chavez's counsel seeks a total of $8,330 in attorneys' fees. Doc. 21 at 4. The lodestar of $8,962.50, compared to the requested $8,330 of the settlement, results in a lodestar multiplier (net of costs) of approximately 0.93. *See id*. Courts in this District have made clear that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). Accordingly, the Court accepts the multiplier of 0.93 and determines that the $8,330 in attorneys' fees is reasonable under the circumstances.

## II. CONCLUSION

For the foregoing reasons, the Court finds that the revised settlement agreement comports with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and approves the

4

agreement. The Clerk of Court is respectfully directed to terminate the motion, Doc. 21, and close the case.

    It is SO ORDERED.

Dated:   May 25, 2023
           New York, New York

                                                             EDGARDO RAMOS, U.S.D.J